PER CURIAM.
Appended to this order is amended Rule 1.020 of the Rules of Civil Procedure, 30 F.S.A. This rule shall govern all courts within its scope after midnight, August 31, 1971.
Chapter 71-214, Laws of Florida, which amended Florida Statutes, Chapter 43 by-adding Section 43.26, does not fully provide for the administrative needs of the Courts of Florida and requires supplementation. In order to keep pace with the expanding demands for effective judicial service, it is necessary for this court to provide for a more efficient administration of the state judicial system. This rule expands and implements the provisions of Laws of Florida, Chapter 71-214, Florida Statutes, § 43.26. Any conflicting provisions of prior rules or laws of Florida, including Chapter 71-214 supra, Florida Statutes § 43.25, are hereby superseded.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
RULE 1.020. COURT ADMINISTRATION.
(a) Purpose of rule. The purpose of this rule is to fix administrative responsibility in the presiding judge, who shall be designated as the chief judge in the circuit, and the other judges that he may designate, and to secure the speedy and efficient administration of the court’s business including prompt disposition of cases, assignment of judges and other court officers, control of dockets, regulation of the use of courtrooms, and mandatory periodic review of the status of inmates of the county jail. When these rules refer to the court, they shall be construed to apply to a judge of it when the context requires or permits.
(b) Chief Judge.
(1) Eligibility: The chief judge shall be a circuit judge who possesses administrative ability.
(2) Administrative supervision: The chief judge shall exercise administrative supervision over all courts, civil and criminal, within the judicial circuit in the exercise of judicial powers and over the judges and officers of the courts, and shall be responsible to the Chief Justice of the Supreme Court. This rule shall not apply to District Courts of Appeal, municipal courts and administrative courts or bodies exercising quasi-judicial powers, nor shall it apply to the metropolitan court of Dade County or the metropolitan court of any consolidated county unless the county commissioners of such county shall enter into an agreement with the state judicial branch of government by adopting a resolution accepting the provisions of this rule. The acceptance of this rule by resolution of the county commissioners shall be for the sole purpose of assisting in the efficient administration of such metropolitan courts and shall not be construed as making such courts a part of the state judiciary, except where provided by law and resolution of the county commissioners.
(3) Powers and duties:
(i) The chief judge shall assign judges to the trial of civil or criminal cases, to preliminary hearings, and to other appropriate proceedings, for the courts and divisions for which he is responsible, and shall determine the length of each assignment. All judges and justices of the peace *250 shall inform the chief judge of any contemplated absences that will affect the progress of the court’s business. If a judge or justice of the peace is temporarily absent, is disqualified in an action, or is unable to perform his duties, the chief judge or his designee may either assign an action pending before the judge to any other judge or any additional assigned judge of the same court, or may assign any judge to temporary service in any court in the same circuit with the same or lesser jurisdiction. If it appears to the chief judge that the efficient and proper administration of justice so requires, he shall without delay request the chief justice of the supreme court to temporarily assign an additional judge or judges from outside the circuit to duty in the court requiring assistance. The assigned judges shall be subject to administrative supervision of the chief judge for all purposes of this rule. Provided, however, that nothing herein shall be construed to restrict the constitutional powers of the Chief Justice of the Supreme Court of Florida to make such assignments as he shall deem appropriate.
(ii) The chief judge may designate a judge in any other court or court division as “Administrative Judge” to assist with the administrative supervision of the court or division. The designee shall be responsible to the chief judge, and shall have the power and duty to carry out the responsibilities assigned to him by the chief judge.
(iii) The chief judge may assign clerks, bailiffs, and other officers of the courts, and may require from the clerks of the respective courts, sheriffs, or other officers of the courts, the periodic reports that he deems necessary. He may require the attendance of prosecutors, public defenders, clerks, court reporters, or other officers of the court that he should deem necessary, for the proper and efficient administration of justice.
(iv) The chief judge shall regulate the use of courtrooms, regularly examine the dockets of the courts under his administrative supervision and require a report on the status of the actions on the dockets and take such action as may be necessary to cause the dockets to be made current.
(v)The chief judge or his designee shall regularly examine the status of every inmate of the county jail and reports of the status shall be submitted to the chief judge.
(c) Selection. The chief judge shall be chosen by a majority of the circuit judges, or if there is no majority, by the chief justice, for a term of two years. In those circuits in which a presiding judge has been selected under the provisions of Florida Laws, Ch. 71-214, Fla.Stats. § 43.-26, F.S.A., said judge shall serve as chief judge pursuant to this rule until June 30, 1973. In all other circuits the term of the presiding judge holding office on the effective date of this Rule is hereby extended or shortened so that said judge shall serve as chief judge pursuant to this Rule until June 30, 1973. If no chief judge has been selected as of the effective date of this Rule, one shall be selected on or before September 15, 1971, in accordance with the provisions herein and his term shall expire on June 30, 1973. The purpose of this Rule is to fix a two-year cycle for the selection of chief judge in each circuit beginning with July 1, 1973, and expiring every two years. In circuit courts having two judges on active status the office of chief judge shall be rotated between the judges unless the two judges should otherwise agree. A chief judge may serve for successive terms. If a chief judge is to be temporarily absent, he shall select an acting chief judge from among the circuit judges. If a chief judge dies, retires, fails to appoint an acting chief judge during an absence, or is unable to perform his duties, the chief justice of the supreme court shall appoint a circuit judge to act as chief judge during the absence or disability or until a successor chief judge is elected to serve the unexpired term. When the office of chief judge is temporarily vacant pending action within the scope of this paragraph, the duties of court *251 administration shall be performed by the circuit judge having the longest continuous service as a judge or by another circuit judge designated by him.
(d) Local Rules. Local rules concerning, but not limited to, the division of work among judges, assignment of actions, removal and return of court files, and the scheduling and location of proceedings, and other administrative procedures necessary for the efficient operation of all courts within the circuit, except municipal courts, may be adopted, if consistent with these rules, to become effective after approval by the supreme court.
(e) Neglect of duty. The failure of any judge, clerk, prosecutor, public defender, court reporter or other officer of the court to comply with an order or directive of the chief judge shall be considered neglect of duty and shall be reported to the Chief Justice of the Supreme Court. The Chief Justice may report such neglect of duty to the Governor of Florida or the Judicial Qualifications Commission for such action as may be appropriate.